IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EFREM Z. McFARLAND, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2891-JDT-dkv |
| | ) | |
| CITY OF MEMPHIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 14, 2014, Plaintiff Efrem Z. McFarland, Jr., who was, at the time, incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on November 17, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The order also directed Plaintiff to notify the Court immediately of any change of address. (*Id.* at 3.)

On January 11, 2016, the Court dismissed the complaint for failure to state a claim but granted leave to file an amended complaint. (ECF No. 5.) Plaintiff was instructed that any amended complaint must be filed within thirty days and that, should he fail to file an amended complaint within the time specified, the Court would assess a "strike" pursuant to

28 U.S.C. § 1915(g) and enter judgment. (*Id.* at 9). Plaintiff also was reminded that he must notify the Court of any change of address. (*Id.* at 10.)

Plaintiff's copy of the order of dismissal was returned undelivered by the postal service on January 15, 2016, but there are no markings on the envelope to indicate why it was returned. (ECF No. 6.) If Plaintiff has been released, he has failed to notify the Court of his new address or communicate with the Court in any other way. In addition, the time within which to file an amended complaint has now expired. Therefore, judgment will be entered in accordance with the January 11, 2016, order of dismissal.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Therefore, leave to proceed *in forma pauperis* is DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a

motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE